IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DANA BOWMAN, )
)
      Plaintiff, )
)
vs. ) Case No. 19-CV-00066-TCK-FHM
)
71 AT TULSA HILLS APARTMENTS, )
L.P., and SIMMONS COMMERCIAL )
L.L.C., D/B/A/ SIMMONS AND KOURTIS )
MULTIFAMILY CONSTRUCTION, L.L.C. )
)
      Defendant. )

## OPINION AND ORDER

Before the Court is a Motion to Stay filed by Defendant 71 at Tulsa Hills Apartments, L.P. and Simmons Commercial, L.L.C. ("Defendants"), seeking a stay of all discovery pending the October 3, 2019 settlement conference. Defendants also plan to submit their proposal to remediate alleged violations of the Fair Housing Act raised in Plaintiff's Complaint and expert report on or before September 15, 2019. (Doc. 17.) Defendants argue, *inter alia*, that staying discovery is in the interest of judicial economy and the public interest, as it will allow them to engage in voluntary remediation and potentially obviate the need for further litigation. Plaintiff opposes any stay of discovery, arguing that there is no outstanding or contemplated fact discovery necessary in this case and that dispositive motions may help "crystalize the issues for settlement." (Doc. 20.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis, et. al. v. North American Co.*, 299 U.S. 248, 254 (1936). Additionally, Federal Rule of Civil Procedure ("Rule") 26(c) provides for an order preventing discovery to prevent "annoyance, embarrassment, oppression, or undue burden or expense." However, this Court does not routinely grant such requests absent a compelling reason. *See Jane*

1

*Phillips Mem'l. Med. Ctr., Inc. v. Giovan*, No. 17-cv-232-TCK-FHM, 2017 U.S. Dist. LEXIS 104213, *1-3 (N.D. Okla. July 6, 2017) (stay pursuant to Rule 26(c)); *TSM Assocs. LLC v. Tractor Supply Co.*, No. 08-CV-230-JHP-FHM, 2008 U.S. Dist. LEXIS 45784 (N.D. Okla. June 11, 2008). Relevant factors to determine whether to grant a stay include (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See Jane Phillips Mem'l Med. Ctr.*, 2017 U.S. Dist. LEXIS 104213, *1-3.

The Court finds compelling reasons to stay discovery. First, it appears that Plaintiff will suffer no prejudice due to a stay, as Plaintiff has not alleged any actual plans to move to the property that is the subject of this litigation, and appears to concede that he is a "tester." (Doc. 1; Doc. 20, pg. 6.) Additionally, the requested stay is designed to facilitate swift remediation of the alleged accessibility barriers and settlement of the instant action, benefitting both Plaintiff and persons not party to the instant litigation who may be harmed by the alleged accessibility barriers. Moreover, Defendants' requested stay is only two months long, and will not significantly delay litigation if settlement efforts are unsuccessful.

Second, it appears that Defendants will experience some burden in the absence of a stay. Contrary to Plaintiff's argument that the parties have planned no further discovery, Defendants argue that they would engage in further discovery, and submit an expert report, in the absence of a stay. (Doc. 17, pg. 7.) Similarly, though Plaintiff argues that dispositive motions may crystalize the issues for settlement, it appears that proceeding in discovery and drafting dispositive motions may undermine the parties' ongoing efforts in remediation and settlement—Defendants have expressed an interest in submitting a voluntary remediation plan based on Plaintiff's expert report, and will be impeded in doing so if they must devote time and resources to completing discovery

and drafting dispositive motions. "It is more likely that defendants will be able to engage in additional site remediation if they can avoid unnecessary litigation expenses." *See Dana Bowman v. Griffin Properties of Fort Smith, L.L.C. et al.*, No. 19-cv-00179 (N.D. Okla. July 3, 2019).

Finally, considerations of efficiency, judicial economy, and the public interest favor granting a stay. Both parties have expressed interest in pre-trial remediation, and such remediation may limit the scope of this litigation, or obviate the case entirely. The public also has an interest both in addressing any accessibility barriers and in providing incentives for companies to engage in swift, voluntary remediation.

Defendant's Motion to Stay (Doc. 17) is **GRANTED** and all discovery is **STAYED** pending the October 3, 2019 settlement conference. If the case is not settled before or during the settlement conference, the Court will enter a new Scheduling Order following the settlement conference. The current scheduling order (Doc. 11) is **STRICKEN**, except as to the deadline for motions to join or amend and the deadline for exchange of witness lists and proposed exhibits, which have already expired. However, the Settlement Conference Order (Doc. 13) remains in effect.

Defendants' Motion to Expedite Ruling (Doc. 18) is **DENED AS MOOT**.

Plaintiff's Cross-Motion to Extend Certain Deadlines (Doc. 21) is **DENIED AS MOOT**.

Plaintiff's Motion for Partial Summary Judgment (Doc. 25) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

DATED THIS 20th day of August, 2019.

*Terence C. Kern*
**TERENCE C. KERN**
**United States District Judge**